## JOHN CAMPBELL *vs.* ELISHA CAREY.

On a scire facias there must be proof of the original judgment.

A judgment is presumed to be paid after twenty years, unless, &c.

A return of "levied to the amount," is a payment, unless the levy be otherwise disposed of.

CERTIORARI to Justice Shockley.

The suit was docketed as an "action on an execution on the docket of George Clendaniel, Esq. Date of judgment entered by S. Hurt, Esq., 24th of May, 1828. 1852, July 1, scire facias issued to Constable White, returned "made known July 8, 1852." The defendant appeared and failed to show cause why execution should not be had against him, judgment rendered for $8 91 and costs 50 cents. Execution issued, with clause of attachment, and John Jones summoned as garnishee; on whose answer judgment was rendered against him 7th January, 1853, for $11 00."

Justice Shockley also returned that the judgment docket of S. Hurt, Esq., had never been in his possession; that neither judgment, nor execution could be found; and the scire facias was issued on the docket entry of the execution, dated May 24, 1828. The next entry was of an alias execution, issued July 14, 1834; the execution not found. April 24, 1834, venditioni issued, returned "property levied on and appraised to $95, and remaining unsold 5th September, 1835." April 29, 1839, alias execution attachment issued; and returned "no levy for want of goods." [This execution was not found.] May 4, 1840, alias execution attachment issued and returned "property sold and bid off by the plaintiff, John Campbell, Esq," September 23, 1840. [This execution was not found.]

The exceptions were—1. That there was no proof of any judgment upon which the scire facias issued. 2. If there was any such judgment, it was recovered on the 24th of May, 1828, and the scire facias was issued upon it more than twenty-four years after, without any affidavit that it had not been paid, and after it was presumed by law to have been paid. 3. That the said judgment was paid by the execution process issued thereon, and the returns thereto, viz: by a levy to the amount of $95; and a return of "property bid off by plaintiff."

On these exceptions, the Court reversed the entire proceedings.

*Mr. Houston,* for plaintiff in error.